IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

JEFFREY W. PETTIT,                    )
                                      )
                Plaintiff,            )
                                      )
vs.                                   )          Case No. 6:15-CV-3401-ODS-SSA
                                      )
CAROLYN W. COLVIN,                    )
Acting Commissioner of Social Security, )
                                      )
                Defendant.            )

ORDER AND OPINION AFFIRMING
COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final
decision denying his applications for disability insurance benefits under Title II.  The
Commissioner's decision is affirmed.


I.          STANDARD OF REVIEW

The Court's review of the Commissioner's decision is limited to a determination
whether the decision is "supported by substantial evidence on the record as a whole.
Substantial evidence is less than a preponderance but . . . enough that a reasonable
mind would find it adequate to support the conclusion."  *Andrews v. Colvin*, 791 F.3d
923, 928 (8th Cir. 2015) (citations omitted).  "As long as substantial evidence in the
record supports the Commissioner's decision, we may not reverse it because
substantial evidence exists in the record that would have supported a contrary outcome,
or because we would have decided the case differently."  *Cline v. Colvin*, 771 F.3d
1098, 1102 (8th Cir. 2014) (citation omitted).  Though advantageous to the
Commissioner, this standard also requires that the Court consider evidence that fairly
detracts from the final decision.  *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2015)
(citation omitted).  Substantial evidence means "more than a mere scintilla" of evidence;
rather, it is relevant evidence that a reasonable mind might accept as adequate to
support a conclusion.  *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

## II.    BACKGROUND

This is the second time Plaintiff's claims for Social Security benefits have been before this Court.  In the initial matter, the Court remanded the case requiring the Administrative Law Judge ("ALJ") to determine if Plaintiff was disabled at any time before 2009 and specifically whether he was disabled between February 1, 2001, and March 31, 2004.  Case No. 12-3535 (Doc. #22).

Another administrative hearing was held during which Plaintiff testified.  R. at 577-629.  The ALJ found Plaintiff was not disabled between February 1, 2001, and March 31, 2004.  R. at 495-511.  Plaintiff appeals that decision here.  Since filing his Complaint, Plaintiff, who is *pro se*, filed four letters arguing he became disabled in 2001.  Docs. #8, 11-12, 14.  The Court construed these letters as Plaintiff's Social Security Brief, and directed Defendant to file her Social Security Brief.  Doc. #16.  Defendant's Social Security Brief was filed on April 8, 2016.  Doc. #19.  Thereafter, Plaintiff filed five letters, which the Court construes collectively as his Reply Brief.  Docs. #20-24.  Accordingly, this matter is fully briefed and ripe for consideration.

## III.    DISCUSSION

### A. *Plaintiff's Credibility*

Plaintiff argues the ALJ improperly considered his minimal pursuit of treatment for his allegedly disabling impairments and his daily activities.  Doc. #6-3, at 5-7; Doc. #8.  The ALJ properly considered these and other factors when evaluating Plaintiff's credibility.

The familiar standard for analyzing a claimant's subjective complaints in the Eighth Circuit is set forth in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) (subsequent history omitted):

> While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced.  The adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them.

The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

> 1. The claimant's daily activities;
> 2. the duration, frequency and intensity of the pain;
> 3. precipitating and aggravating factors;
> 4. dosage, effectiveness and side effects of medication;
> 5. functional restrictions.

The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Id.* at 1322. Here, the ALJ concluded Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms for the time period at issue were not entirely credible due to the objective medical evidence, Plaintiff's daily activities, and his work activity after the alleged onset date of disability. R. at 502-06.

First, the ALJ appropriately examined the medical records and Plaintiff's minimal pursuit of medical treatment when evaluating Plaintiff's credibility. The absence of an objective medical basis that supports a plaintiff's allegations of severe impairments is a factor the ALJ can consider in evaluating the credibility of a plaintiff and his complaints. *See Butler v. Sec'y of Health & Human Servs.*, 850 F.2d 425, 429 (8th Cir. 1988) (citations omitted). The records reveals Plaintiff did not seek medical treatment for his physical ailments from 1997 to May 2003. During more than two of the years he is claiming he was disabled, Plaintiff received no medical treatment for his physical impairments. And, as the ALJ noted, Plaintiff's treatment – once begun – was "sporadic" and "essentially routine and/or conservative in nature." R. at 506. When he received treatment, Plaintiff reported he did not have any pain when he was up and moving and had just purchased an exercise machine. R. at 368, 370. These statements are contrary to Plaintiff's testimony that he had severe limitations with standing and walking during the same timeframe. R. at 601-03, 609-10.

3

Although Plaintiff claims severe mental health limitations, there are no mental health treatment records for the first twenty months during the timeframe at issue. R. at 503. A short time after he began receiving mental health treatment in November 2002, Plaintiff reported he was "doing fairly well" and the medical provider noted "much improved, 75%." R. at 504; 473-78. As the ALJ noted, "the evidence suggests the claimant experienced significant improvement in his alleged mental symptoms in a short amount of time once he began receiving treatment." R. at 504. The Court finds the ALJ did not err in considering the objective medical evidence – or lack thereof – or Plaintiff's minimal pursuit of treatment when evaluating Plaintiff's credibility.

Second, the ALJ properly considered Plaintiff's daily activities. *Polaski*, 739 F.2d at 1322. Based upon the evidence presented to him, the ALJ concluded that Plaintiff's daily activities during this timeframe were fairly normal and did not support Plaintiff's contention that he had severe limitations. R. at 506. The ALJ considered an Adult Function Report that Plaintiff submitted in 2009, years after the relevant timeframe. R. at 211-18. In that report, Plaintiff represented he attended to his own personal needs and hygiene, prepared simple meals, performed simple household chores, went grocery shopping, drove a car, watched television and movies, went to garage sales, went thrift store shopping, and went to church on a regular basis. *Id.* This report is notable because Plaintiff's conditions and capabilities have deteriorated over time. R. at 506. These activities are inconsistent with the level of debilitation claimed by Plaintiff. The Court finds the ALJ did not err in considering Plaintiff's daily activities when evaluating Plaintiff's credibility.

Third, the ALJ correctly assessed Plaintiff's work activity after his alleged disability onset date. As the ALJ noted, Plaintiff's work activity after his alleged disability onset date were, at times, somewhat greater than Plaintiff's allegation at the hearing that he could only stand for ten minutes, sit for fifteen minutes, and then he needed to lie down. R. at 502. The Court finds the ALJ did not err in considering Plaintiff's work activity after the alleged onset of disability. With regard to the ALJ's credibility determination, the Court determines there is substantial evidence in the record as a whole to support the ALJ's determination.

*B. Disability Finding*

Plaintiff argues the ALJ erred in finding Plaintiff was not disabled between February 1, 2001, and March 31, 2004. As set forth above, the Court's review of the Commissioner's decision is limited to a determination of whether the decision is "supported by substantial evidence on the record as a whole." *Andrews*, 791 F.3d at 928. The Court may not reverse the decision so long as substantial evidence supports the Commissioner's decision. *Cline*, 771 F.3d at 1102.

The Court has reviewed the ALJ's decision and the record. Unlike the decision that was previously reversed by this Court, the ALJ's most recent decision explains why the records (or lack thereof) supported his decision that Plaintiff was not disabled during the relevant timeframe. R. at 502-09. Additionally, the ALJ provided an explanation as what weight he placed on medical opinions (R. at 506-09), and although Plaintiff did not specifically raise issue with the ALJ's findings, the Court finds that there is no error in the weight the ALJ afforded the medical opinions. The substantial evidence in the record as a whole supports the ALJ's finding that Plaintiff was not disabled during the relevant timeframe.

IV.    CONCLUSION

The Court concludes there is substantial evidence in the record as a whole to support the ALJ's decision, so the denial of benefits is affirmed.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: May 16, 2016                    UNITED STATES DISTRICT COURT

5